UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS COOKSEY, | No. C 07-3829 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MICHAEL HENNESSEY (Sheriff); et al., | |
| Defendants. / | |

## INTRODUCTION

Marcellus Cooksey, an inmate at the San Francisco County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

In his complaint, Cooksey alleges that he has been required to endure an infrequently-flushing toilet in his jail cell which he shares with one other inmate. Jail personnel apparently restricted the number of times inmates could flush toilets to two flushes every 15-20 minutes due to plumbing damage and water wasted by excessive flushing by inmates. As a result of the limited flushing, inmates had to use a dirty toilet which, Cooksey alleged, splashed over when the inmate used it. He alleges that it was unsanitary.

In about June 2007, and lasting for about a week, Cooksey was in a cell in which the water was limited, although it is not clear whether he is referring to less water in each flush of the toilet or another water source in the cell. He alleges that he couldn't wash his hands

properly after using the toilet and had to ask for extra water to drink. He filed a grievance. Jail staff responded to the grievance by moving Cooksey to another cell and contacting the plumber.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

"No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Failure to allege and establish an appropriate physical injury is ground for dismissal, see Zehner v. Trigg, 952 F. Supp. 1318, 1321-35 (S.D. Ind.) (dismissing action for damages because no plaintiff developed physical injury by exposure to asbestos while in prison), aff'd, 133 F.3d 459 (7th Cir. 1997). Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as "a prior showing of physical injury." See Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) ("somatic manifestations of emotional distress" such as weight loss, appetite loss and insomnia, cannot establish physical injury under § 1997e(e)). Cooksey's allegations do not show a qualifying physical injury. His damages claim thus is barred under § 1997e(e).

In addition to the § 1997e(e) problem, the complaint fails to state a claim for a

constitutional violation. When a pretrial detainee challenges conditions of his confinement, the claim is analyzed under the Due Process Clause of the Fourteenth Amendment rather than under Eighth Amendment, although the Eighth Amendment serves as a benchmark for evaluating those claims. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. See, e.g., Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force); Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), amended, 75 F.3d 448 (9th Cir. 1995); Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds, 493 U.S. 801 (1989); DeMallory v. Cullen, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); Miles v. Konvalenka, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); Vaga v. Parsley, 700 F. Supp. 879 (W.D. Tex. 1988) (burned out light bulb, promptly replaced, does not violate 8th Amendment); Evans v. Fogg, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell).

The complaint's allegation that Cooksey was housed in cells where toilets were on timed flushes, with flushing occurring not more than twice every 15-20 minutes, does not state a claim under the Fourteenth Amendment. Although limits on toilet flushing might at some point rise to the level of a due process violation, the limits here were hours below that level. The complaint's allegation that Cooksey spent up to a week in a cell in which the toilet

was on a timed flush and the water flow restricted also does not state a claim under the Fourteenth Amendment. As soon as he complained, staff contacted the plumber and moved Cooksey to a new cell. The allegations of the complaint on this point do not suggest any harm or even a serious risk to his health, but instead a short-term inconvenience.

## CONCLUSION

This action is dismissed because the complaint fails to state a claim upon which relief may be granted. The damages claim is dismissed for the additional reason that no physical injury was suffered by the prisoner-plaintiff. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 20, 2007

_____
Marilyn Hall Patel
United States District Judge